JS 44C/SDNY
REV. 5/2010

## CIVIL COVER SHEET

11  CV  2144

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Monika Mehta, as Administratrix of the Estate of Ashwani Mehta, deceased, and individually | Megabus Northeast, LLC and John Tomaszewski |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Law Firm of Jonathan C. Reiter, Esq.  (212) 736-0979 350 Fifth Avenue, Suite 2811, New York, NY 10118 | Gallo Vitucci & Klar (212) 683-7100 90 Broad Street, 3rd Floor, New York, NY 10004 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The causes of action asserted in this action for personal injuries sound in negligence.

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ] Judge Previously Assigned

If yes, was this case  Vol.[ ] Invol. [ ]  Dismissed.  No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

RECEIVED
MAR 2 9 2011
U.S.D.C. S.D.N.Y.
COMPLETED

*(PLACE AN [x] IN ONE BOX ONLY)*          NATURE OF SUIT

ACTIONS UNDER STATUTES

### TORTS

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[X] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

### ACTIONS UNDER STATUTES

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____  DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [ ] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN  x  IN ONE BOX ONLY)*

## ORIGIN

☐ 1 Original
Proceeding

☑ 2a. Removed from
State Court

☐ 2b. Removed from
State Court **AND**
at least one
party is pro se.

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
(Specify District)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate Judge
Judgment

*(PLACE AN  x  IN ONE BOX ONLY)*

## BASIS OF JURISDICTION

☐ 1 U.S. PLAINTIFF      ☐ 2 U.S. DEFENDANT      ☐ 3 FEDERAL QUESTION
(U.S. NOT A PARTY)      ☑ 4 DIVERSITY

***IF DIVERSITY, INDICATE
CITIZENSHIP BELOW.
(28 USC 1322, 1441)***

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☒ 3 | [ ] 3 | INCORPORATED <u>and</u> PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | ☒ 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED <u>or</u> PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Monika Mehta
612 Ganpat Apts.
Plot 6 Sector 9
Dwarka New Delhi 110075

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Megabus Northeast, L.L.C.
349 First Street
Elizabeth, NJ  07206

John Tomaszewski
24 Groveville Road
Yardville, NJ  08620

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:      ☐ WHITE PLAINS      ☑ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 3/29/11          SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED  Mo. _____  Yr. 1990 ____)
Attorney Bar Code # 0237

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CV 2144

MONIKA MEHTA, as Administratrix of the Estate of
Ashwani Mehta, deceased, and individually,

                               Plaintiff,

    -against-

MEGABUS NORTHEAST, L.L.C. and
JOHN TOMASZEWSKI,

                             Defendants.

CIVIL ACTION NO.

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant MEGABUS NORTHEAST, L.L.C. hereby removes the civil action entitled *Monika Mehta, as Administratrix of the Estate of Ashwani Mehta, deceased, and individually, v. Megabus Northeast, L.L.C. and John Tomaszewski*, Index Number 150037/2011, from the Supreme Court of the State of New York, County of New York, where it is now pending to the United States District Court of the Southern District of New York pursuant to 28 U.S.C. §§ 1332 and 1441.

Dated: New York, New York
       March 28, 2011

                    Respectfully submitted,

                    GALLO VITUCCI & KLAR

By: _____
                    HOWARD P. KLAR, ESQ. (0237)
                    *Counsel for Defendant*
                    *Megabus Northeast, L.L.C.*
                    90 Broad Street, 3rd Floor
                    New York, New York 10004
                    (212)683-7100
                    File: CHC-2011-7

TO:   LAW FIRM OF JONATHAN C. REITER, ESQ.
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 2811
New York, NY 10118
(212) 736-0979

McMAHON, MARTINE & GALLAGHER, LLP
*Attorneys for Defendant John Tomaszewski*
55 Washington Street
Brooklyn, NY 11201
(212) 747-1230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MONIKA MEHTA, as Administratrix of the Estate of Ashwani Mehta, deceased, and individually, | CIVIL ACTION NO. |
| Plaintiff, | **PETITION FOR REMOVAL** |
| -against- | |
| MEGABUS NORTHEAST, L.L.C. and JOHN TOMASZEWSKI, | |
| Defendants. | |

---

TO:   JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF NEW YORK

The Petition of Howard P. Klar, respectfully shows as follows:

1.   That the undersigned is counsel for Defendant Megabus Northeast, L.L.C. and hereby removes the civil action entitled *Monika Mehta, as Administratrix of the Estate of Ashwani Mehta, deceased, and individually, v. Megabus Northeast, LLC and John Tomaszewski,* Index Number 150037/2011, which is currently pending in the Supreme Court of the State of New York, County of New York to the United States District Court of the Southern District of New York pursuant to 28 U.S.C. §§ 1332 and 1441.

2.   That service of the Summons and Complaint was made upon Defendant Megabus Northeast, L.L.C.

3.   That the causes of action as set forth in the Complaint seek monetary damages for personal injuries in an amount exceeding seventy five thousand dollars ($75,000).

4.   That in the Complaint, Plaintiff seeks to recover damages for the personal injuries allegedly sustained by the decedent, Ashwani Mehta, resulting from the alleged negligence of the Defendants in their ownership, operation, management, and control of a certain bus vehicle that was involved in an accident on September 11, 2010 in Syracuse, New York, at which time and location Mr. Mehta was a passenger.

5.      That Plaintiff is a natural person residing in the City of New Delhi, Country of India.

6.      That Defendant Megabus Northeast, L.L.C. is a Delaware corporation with one of its principal places of business located in Elizabeth, New Jersey.

7.      That Defendant John Tomaszewski is a natural person residing at 24 Groveville Road in the City of Yardville, State of New Jersey.

8.      That this action may be removed to this Court by Defendant Megabus Northeast, L.L.C. pursuant to 28 U.S.C. §§ 1332 and 1441 since Plaintiff's action is a civil action, wherein the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and there exists complete diversity of citizenship amongst the Defendants and Plaintiff.

9.      Defendant Megabus Northeast, L.L.C. attaches hereto copies of all process and pleadings thus far served herein; *to wit*, the Summons and Complaint.

**WHEREFORE**, Defendant Megabus Northeast, L.L.C. prays that the action now pending against them in the Supreme Court of the State of New York, County of New York be removed therefrom to this Court.

Dated: New York, New York
      March 28, 2011

Respectfully submitted,

GALLO VITUCCI & KLAR

By: _____

HOWARD P. KLAR, ESQ. (0237)
*Counsel for Defendant*
*Megabus Northeast, L.L.C.*
90 Broad Street, 3rd Floor
New York, New York 10004
(212)683-7100
File: CHC-2011-7

TO: LAW FIRM OF JONATHAN C. REITER, ESQ.
  *Attorneys for Plaintiff*
  350 Fifth Avenue, Suite 2811
  New York, NY 10118
  (212) 736-0979

  McMAHON, MARTINE & GALLAGHER, LLP
  *Attorneys for Defendant John Tomaszewski*
  55 Washington Street
  Brooklyn, NY 11201
  (212) 747-1230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONIKA MEHTA, as Administratrix of the Estate of
Ashwani Mehta, deceased, and individually,

                         Plaintiff,

    -against-

MEGABUS NORTHEAST, L.L.C. and
JOHN TOMASZEWSKI,

                   Defendants.

CIVIL ACTION NO.

**AFFIDAVIT**

---

STATE OF NEW YORK    )
                          ) ss:
COUNTY OF NEW YORK  )

      HOWARD P. KLAR, being duly sworn, deposes and says:

    1.    I am a member of the law firm of GALLO VITUCCI & KLAR, L.L.P., attorneys

for Defendant MEGABUS NORTHEAST, L.L.C.

    2.    Defendant MEGABUS NORTHEAST, L.L.C. petitions this Court for removal

and leave will be sought to amend the caption in this action to read as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONIKA MEHTA, as Administratrix of the Estate of
Ashwani Mehta, deceased, and individually,

                         Plaintiff,

    -against-

MEGABUS NORTHEAST, L.L.C. and
JOHN TOMASZEWSKI,

                   Defendants.

---

Howard P. Klar (0237)

Sworn to before me this
28th day of March, 2011

Notary Public.

Yvette Pagan
Commissioner of Deeds, City of New York
No. 1-6962
Cert. Filed in New York County
Comm Expires July 1, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONIKA MEHTA, as Administratrix of the Estate of
Ashwani Mehta, deceased, and individually,

                            Plaintiff,

    -against-

MEGABUS NORTHEAST, L.L.C. and
JOHN TOMASZEWSKI,

                            Defendants.

---

CIVIL ACTION NO.

**VERIFICATION**

---

HOWARD P. KLAR, being duly sworn according to law, deposes and says:

That he is counsel for Defendant MEGABUS NORTHEAST, L.L.C., the within named Defendant/Petitioner; that he has read the foregoing Petition for Removal; and that the statements contained therein are true in substance and to my knowledge.

                                    _____
                                    HOWARD P. KLAR (0237)

Sworn to before me this
28th day of March, 2011

_____
Notary Public

                 Yvette Pagan
     Commissioner of Deeds, City of New York
              No. 1-6962
       Cert. Filed in New York County
      Comm Expires July 1, 20 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
MONIKA MEHTA, as Administratrix of the Estate of
ASHWANI MEHTA, deceased, and individually,

                              Plaintiff,

              -against-

MEGABUS NORTHEAST, L.L.C. and
JOHN TOMASZEWSKI,

                              Defendants.
-----------------------------------------------------------------------X

Index No.: 150037 | 2011

Filed: 2/23/2011

SUMMONS

To the above named defendant(s):

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the Plaintiff's Attorney within 20 days after the service of this

summons, exclusive of the day of service, or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York and in case of your

failure to appear or answer, judgment will be taken by default for the relief demanded in the

complaint.

        Plaintiff designates New York County as the place of trial. The basis of venue is

defendant Megabus Northeast, LLC's place of business, located at the Port Authority Bus

Terminal, in the City, County and State of New York

Defendant's address(es):

MEGABUS NORTHEAST, L.L.C.
160 South Route 17 N
Paramus, NJ 07652
c/o Secretary of State

JOHN TOMASZEWSKI
24 Groveville Road
Yardville, NJ

                                        LAW FIRM OF JONATHAN C. REITER

                          By:

                                        Jonathan C. Reiter, Esq.
                                        Attorneys for Plaintiff
                                        350 Fifth Avenue, Suite 2811
                                        New York, New York 10118
                                        (212) 736-0979

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
...................................................................x
MONIKA MEHTA, as Administratrix of the Estate of
ASHWANI MEHTA, deceased, and individually,

Index No. 150037 2011

                  Plaintiff,

      against

VERIFIED
COMPLAINT

MEGABUS NORTHEAST, L.L.C., and
JOHN TOMASZEWSKI,

                Defendants.
...................................................................x

Plaintiff, by her attorneys, the LAW FIRM OF JONATHAN C. REITER,

complaining of the defendants respectfully alleges as follows:

1. ASHWANI MEHTA died on September 11, 2010.

2. Plaintiff, MONIKA MEHTA was granted letters of administration of the

Estate of ASHWANI MEHTA by the Register of Wills of New Castle County, State of

Delaware, on February 14, 2011.

3. Plaintiff MONIKA MEHTA is the widow of the decedent, ASHWANI

MEHTA.

4. Decedent, ASHWANI MEHTA left surviving his wife, the plaintiff,

MONIKA MEHTA, his infant daughters, Snigda Mehta (born 2/9/05), and Saumya

Mehta (born 1/13/08) and his dependent mother Chand Mehta, all of whom are claimants

herein.

5. Upon information and belief, the defendant, MEGABUS NORTHEAST,

L.L.C. (hereinafter "MEGABUS") is a foreign corporation organized and existing under

the laws of the State of Delaware, having its principal place of business at 160 S. Route

17 North, Paramus, New Jersey 07652.

1

6.   Upon information and belief, at all times hereinafter mentioned and at the time of the occurrences herein, the defendant MEGABUS was authorized to do business in the State of New York with its principal New York place of business at Port Authority Bus Terminal in the City, County and State of New York.

7.   Upon information and belief, COACH LEASING, INC., (hereinafter "COACH") was a foreign corporation organized and existing under the laws of the State of Illinois, having its principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

8.   At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, MEGABUS, was a common carrier in the business of operating bus lines.

9.   At all times hereinafter mentioned and at the time of the occurrences herein, COACH was the registered owner of a certain double-decker passenger motor coach bearing Illinois license plate P713411 (hereinafter the "subject bus").

10. Upon information and belief, COACH was regularly engaged in the business of owning and leasing buses.

11. Upon information and belief, heretofore and at the time of the occurrence herein, the defendant MEGABUS had leased the subject bus from defendant COACH for a period in excess of 30 days.

12. Upon information and belief, the defendant MEGABUS was the owner of the subject bus as defined by New York Vehicle and Traffic Law § 388.

13. Upon information and belief, on September 11, 2010 at approximately 2:27 A.M., the defendant, JOHN TOMASZEWSKI was operating the subject bus in the course and scope of his employment by the defendant, MEGABUS.

2

14. Upon information and belief, on September 11, 2010, at approximately 2:27 A.M., the defendant, MEGABUS, by and through its agents, servants and employees, including JOHN TOMASZEWSKI, was operating the subject bus.

15. Upon information and belief, on September 11, 2010, the defendant MEGABUS, by and through its agents, servants and employees, including JOHN TOMASZEWSKI, was operating the subject bus en route from Philadelphia, Pennsylvania to Toronto, Ontario, Canada.

16. Upon information an belief, on September 11, 2010 the defendant, JOHN TOMASZEWSKI was operating the subject bus with the express and implied knowledge, permission and consent of the defendant MEGABUS.

17. On September 11, 2010, the decedent, ASHWANI MEHTA was a fare-paying passenger aboard the subject bus.

18. On September 11, 2010, at approximately 2:27 A.M., the subject bus was being operated on the Onondaga Lake Parkway in the Town of Salina, County of Onondaga, State of New York, when the subject bus struck a railroad bridge that passed over the Parkway (hereinafter "the occurrence").

19. As a result of the occurrence, ASHWANI MEHTA suffered personal injuries and death.

## AS AND FOR A FIRST CAUSE OF ACTION FOR WRONGFUL DEATH

20. Plaintiff repeats and reiterates all the previous allegations of the complaint with the same force and effect as if fully set forth herein at length.

21. That the defendants, MEGABUS and JOHN TOMASZEWSKI were negligent in the ownership and operation of the subject bus, in causing and permitting the subject

bus to strike and collide with a railroad bridge; in negligently failing to heed signs

warning of a low bridge with insufficient clearance to permit the subject bus to pass

beneath it; in negligently departing from the usual route for the bus and instead

negligently entering upon the Onondaga Lake Parkway; in failing to see what was there

to be seen; in failing to keep the bus under proper and reasonable control; in failing to

heed signs and warnings; in travelling at an unsafe speed; in violating statutes, rules and

ordinances made and provided; in being liable under the doctrine of *respondeat superior*

and New York Vehicle and Traffic Law § 388, and in otherwise being negligent and

careless in the premises.

22. By reason of the foregoing, the decedent was proximately caused to and did

die as a result of injuries sustained in the occurrence as aforesaid.

23. By reason of the wrongful death of plaintiff's decedent, ASHWANI MEHTA,

decedent's heirs, distributees and dependent relatives, including decedent's spouse,

MONIKA MEHTA, decedent's infant children, SNIGDA MEHTA and SAUMYA

MEHTA, and decedent's mother, CHAND MEHTA, suffered pecuniary losses, loss of

support, loss of nurture, care and guidance and other losses and damages.

24. By reason of the foregoing, plaintiff demands compensatory damages for the

wrongful death of ASHWANI MEHTA under New York E.P.T.L. § 5-4.3 in an amount

that exceeds the jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION FOR CONSCIOUS PAIN AND SUFFERING

25. Plaintiff repeats and reiterates all the previous allegations of the complaint

with the same force and effect as if fully set forth herein at length.

4

26. As a result of the negligence of the defendants, the decedent, ASHWANI MEHTA was proximately caused to sustain serious personal injuries, pain, suffering, mental anguish and loss of enjoyment of life.

27. That as a result of the occurrence, plaintiff's decedent was proximately caused to sustain a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York and/or economic loss greater than basic economic loss, as defined by Section 5102(a) of the Insurance Law of the State of New York.

28. That by reason of the foregoing, plaintiff demands compensatory damages in an amount that exceeds the jurisdiction of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION FOR LOSS OF SERVICES, SOCIETY AND CONSORTIUM

29. That heretofore and at the time of the occurrence, the plaintiff, MONIKA MEHTA was the wife of decedent ASHWANI MEHTA, and they cohabited together as husband and wife.

30. That as a result of the occurrence, the plaintiff was proximately caused to sustain loss of services, society and consortium of her husband.

31. That by reason of the foregoing, plaintiff demands compensatory damages in an amount that exceeds the jurisdiction of all lower courts.

32. That each of the causes of action herein alleged falls within one or more of the exceptions set forth in CPLR § 1602.

WHEREFORE, plaintiff demands judgment against the defendants on each of the causes of action herein alleged in an amount that exceeds the jurisdiction of all lower courts, together with interest, costs and disbursements.

5

LAW FIRM OF JONATHAN C. REITER

By: _____

JONATHAN C. REITER, ESQ.
350 Fifth Avenue, Suite 2811
New York, New York 10118
Tel: 212-736-0979
Fax: 212-268-5297
jcreiter@jcreiterlaw.com

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    }
                                              ss:
COUNTY OF NEW YORK }

    JONATHAN C. REITER, an attorney duly admitted to practice in the Courts of the State of New York, state that I am the attorney for the plaintiff herein.

    I have read the foregoing **COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

    The reason this verification is made by me and not by plaintiff is that plaintiff resides in a county other than the one in which affirmant has his office.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  communications and correspondence had with plaintiff and other documents relating thereto which are in affirmant's possession.

    I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
        February 22, 2011

                                  JONATHAN C. REITER, ESQ.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

MONIKA MEHTA, as Administratrix of the Estate of
ASHWANI MEHTA, deceased, and individually,

                              Plaintiff,

        -against-

MEGABUS NORTHEAST, L.L.C. and
JOHN TOMASZEWSKI,

                              Defendants.
_____

_____
### SUMMONS AND VERIFIED COMPLAINT
_____


LAW FIRM OF JONATHAN C. REITER
Attorney for Plaintiff(s)
350 Fifth Avenue, Suite 2811
New York, New York 10118
(212) 736-0979



CERTIFIED MAIL

RETURN RECEIPT REQUESTED

7196 9005 9793 1978 5911

Article Addressed To:

MEGABUS NORTHEAST, LLC
C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

New York State Department of State
99 Washington Avenue
Albany, NY 12231

Receipt # 201103110346

PS Form 3800,5/08

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (Addressee or Agent)

Certified Mail

X

B. Received by: (Please Print)

Received

NYBOP
CT, a Wolters Kluwer Business

C. Date of Delivery    MAR 17 2011

D. Addressee's Address (if different than used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City                    State    ZIP + 4 Code

Sender:

CERTIFIED MAIL



US POSTAGE
Mailed From  12231
03/14/2011
$06.320
Pitney Bowes

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

DOS-1248 (1/08)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONIKA MEHTA, as Administratrix of the Estate of
Ashwani Mehta, deceased, and individually,

                        Plaintiff,

    -against-

MEGABUS NORTHEAST, L.L.C. and
JOHN TOMASZEWSKI,

                        Defendants.

## NOTICE OF REMOVAL AND PETITION FOR REMOVAL

### GALLO VITUCCI & KLAR
*Attorneys for Defendant(s)*
**90 Broad Street, 3rd Floor**
**New York, New York 10004**
**(212) 683-7100**
**Fax (212) 683-5555**

**PLEASE TAKE NOTICE:**

**[] NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on             20

**[] NOTICE OF SETTLEMENT**
that an order                   of which the within is a true copy will be presented
for
settlement to the HON.                         one of the judges
of the within named court, at
on                 20       at                 M..

Dated:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONIKA MEHTA, as Administratrix of the Estate of
Ashwani Mehta, deceased, and individually,

                     Plaintiff,

-against-

MEGABUS NORTHEAST, L.L.C. and
JOHN TOMASZEWSKI,

                     Defendants.

---

CIVIL ACTION NO.

**RULE 7.1 STATEMENT**

11 CV 2144

RECEIVED
MAR 2 9 2011
COMPLETE

    The nongovernmental corporate party, Megabus Northeast, LLC, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that own 10% or more of its stock:

> Megabus Northeast, L.L.C., is a wholly owned subsidiary of Independent Bus Co., Inc., which is a wholly owned subsidiary of Coach USA, Inc., which is a wholly owned subsidiary of Coach USA Administration, Inc., which is a wholly owned subsidiary of SCUSI, Limited, which is a wholly owned subsidiary of SCOTO Limited, which is a wholly owned subsidiary of Stagecoach Aviation Europe Ltd, which is a wholly owned subsidiary of Stagecoach Transportation Holdings, plc, which is a wholly owned subsidiary of Stagecoach Group plc, which is publicly traded company on the London Stock Exchange. No publicly traded entity owns 10% or more of the stock of Stagecoach Group PLC.

Dated: New York, New York
       March 28, 2011

                                      
                          HOWARD P. KLAR, ESQ. (0237)
                          Counsel for Defendant
                          Megabus Northeast, L.L.C.
                          GALLO VITUCCI & KLAR
                          90 Broad Street, 3rd Floor
                          New York, New York 10004

Civil Action No.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONIKA MEHTA, as Administratrix of the Estate of
Ashwani Mehta, deceased, and individually,

                              Plaintiff,

        -against-

MEGABUS NORTHEAST, L.L.C. and
JOHN TOMASZEWSKI,

                              Defendants.

## RULE 7.1 STATEMENT

**GALLO VITUCCI & KLAR**
*Attorneys for Defendant(s)*
90 Broad Street, 3rd Floor
New York, New York 10004
(212) 683-7100
Fax (212) 683-5555

**PLEASE TAKE NOTICE:**

**[] NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                            20

**[] NOTICE OF SETTLEMENT**
that an order                              of which the within is a true copy will be presented
for
settlement to the HON.                                                  one of the judges
of the within named court, at
on                              20        at                      M..

Dated:

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK   )

  The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the County of New York.  That on the 29th day of March, 2011, she served the within **NOTICE OF REMOVAL, PETITION OF REMOVAL AND RULE 7.1 STATEMENT** upon:

LAW FIRM OF JONATHAN C. REITER, ESQ.
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 2811
New York, NY 10118

McMAHON, MARTINE & GALLAGHER, LLP
*Attorneys for Defendant John Tomaszewski*
55 Washington Street
Brooklyn, NY 11201

by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Yvette Pagan

Sworn to before me this
29th day of March, 2011

Notary Public

**Jessica Roman**
**Commissioner of Deeds, City of New York**
**No. 3-7376  Filed NY County Exp 6/1/12**